Dear Auditor and Inspector Jeff A. McMahan,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does the millage rate adjustment provision of Article X, Section 8A of the Oklahoma Constitution apply to millage which is authorized, but not approved, prior to a county exempting household goods of the heads of families and livestock employed in the support of families from ad valorem taxes?
 2. Does the millage rate adjustment provision of Article X, Section 8A of the Oklahoma Constitution apply to new millage, which is created by a constitutional amendment, after a county exempts household goods of the heads of families and livestock employed in the support of families from ad valorem taxes?
 Analysis
¶ 1 On November 3, 1992, the people of Oklahoma adopted State Question 648, which amended Article X, Sections 6 and 26 of the Oklahoma Constitution, and added Article X, Section 8A. Section 8A allows a county to exempt household goods of heads of families, and livestock employed in the support of a family from ad valorem taxes. That section provides:
 (a) If a county approves an exemption of household goods of the heads of families and livestock employed in support of the family from taxation pursuant to the provisions of subsection (b) of Section 6 of this article, the millage rate levied against the net taxable valuation of all property of each taxing jurisdiction located within such county levying ad valorem taxes for a general fund or a building fund shall be adjusted pursuant to the provisions of subsection (b) of this section to compensate for the potential loss of revenue to the taxing jurisdiction directly attributable to the exemption of all such property. For purposes of this section, "taxing jurisdiction" shall include, but not be limited to, counties, cities, towns, common school districts, vocational-technical school districts and any other unit of government authorized to collect ad valorem taxes from millage levied against the taxable value of property.
 (b) The adjusted millage rate for a general fund or building fund of each taxing jurisdiction located within a county which exempts household goods of the heads of families and livestock employed in support of the family from ad valorem taxation pursuant to the provisions of subsection (b) of Section 6 of this Article shall be computed, for each taxing jurisdiction, by dividing the net taxable valuation of all property for the year preceding the year in which the exemption of such property becomes effective by the difference between the net taxable valuation of all property for the year preceding the year in which the exemption of such property becomes effective and the net taxable valuation of the household goods of the heads of families and livestock employed in support of the family for the year preceding the year in which the exemption of such property becomes effective. The resulting quotient shall be the millage adjustment factor, and shall be multiplied by the millage rate which would otherwise have been applied for the year in which the exemption of such property becomes effective to derive the adjusted millage rate, which shall be levied against the net taxable valuation of all property, other than the exempt property, within the jurisdiction for the year in which the exemption of household goods of the heads of families and livestock employed in support of the family becomes effective; provided, such adjusted millage rate may be increased or decreased in the manner provided by the provisions of this Article.
 (c) If a county approves an exemption of household goods of the heads of families and livestock employed in support of the family from ad valorem taxation pursuant to the provisions of subsection (b) of Section 6 of this article, the maximum allowable millage for any millage levied by any taxing jurisdiction located within such county for a general fund or building fund, as prescribed by Sections 9, 9A, 9B, 9C, 9D, 10, 10A, 10B and 35 of this article or as otherwise authorized by Section 36 of Article V
of the Oklahoma Constitution, shall be adjusted by multiplying such millage by the millage adjustment factor as specified in subsection (b) of this section. The resulting product shall be the adjusted maximum allowable millage for that particular millage levied by such taxing jurisdiction for a general fund or building fund.
Okla. Const. art. X, § 8A.
¶ 2 As of December 31, 2002, thirty-eight counties have exempted household goods of the heads of families and livestock employed in support of the family from ad valorem taxation pursuant to the provisions of Section 6(b), Article X of the Oklahoma Constitution.[1] This office previously issued three Attorney General Opinions on Article X, Section 8A: (1) ballot titles for a school district which overlaps two counties where one county has repealed household personal property tax and the other county has not,[2] (2) what the terms "household goods of the heads of families" and "livestock employed in support of the family" entail,[3] and (3) whether the "millage adjustment" factor continues after the year the exemption becomes effective.[4]
¶ 3 Article X, Section 8A(a) allows a county to exempt "household goods of the heads of families and livestock employed in support of the family" from ad valorem taxation, thus reducing the taxable value of property within a jurisdiction. A revenue loss occurs where a taxing jurisdiction reduces taxable value without an increase in millage.[5] See id. In Opinion 95-22 we stated:
 To compensate for lost revenue Section 8A(b) of Article X provides for a "millage adjustment." The adjustment formula provides a calculation whereby the millage is increased so that the taxable value remaining after the exemption produces the same amount of revenue as was generated prior to the exemption.
. . . .
 Once enacted, the exemption of household goods and livestock would be effective until revoked. Therefore, the taxable value of household goods and livestock would be permanently removed from the tax base.
. . . .
 It is clear that the policy underlying Article X, Section 8A is that a county will not have a revenue loss due to the exemption of household goods and livestock.
Id. 52, 53 (emphasis added). The adjustment is calculated in the first year after adoption of the exemption and is carried forward as long as the exemption remains in place. Okla. Const. art. X, § 8A(b).
¶ 4 The millage rate adjustments apply to "general fund or building fund, as prescribed by Sections 9, 9A, 9B, 9C, 9D, 10, 10A, 10B and 35 of this article [X] or as otherwise authorized by Section 36 of Article V of the Oklahoma Constitution." Okla. Const. art. X, § 8A(c). In order for there to be a millage rate adjustment, a loss of revenue would have to exist due to the passage of the ad valorem tax exemption of household goods of the heads of families and livestock employed in the support of families. Okla. Const. art. X, § 8A(a). If the millage was available but had not been approved no loss of revenue would exist. Id.
¶ 5 Example, County A votes to eliminate the ad valorem tax on household goods of the heads of families and livestock employed in the support of families in Year 1. In the next year a millage rate adjustment is calculated for all enacted millage prescribed by the applicable sections of Articles V and X of the Oklahoma Constitution. In Year 4, the County approves for the first time an Emergency Medical Service District ("EMS District") pursuant to Article X, Section 9C. A millage rate adjustment on the EMS District would not be available; there was no loss of revenue when the exemption of household goods on the heads of families and livestock employed in the support of families was approved.
¶ 6 Your second question contemplates a new millage that is created by a constitutional amendment in counties that have exempted household goods of the heads of families and livestock employed in the support of families from ad valorem taxes. What the constitutional amendment would provide depends upon the language of the constitutional amendment and cannot be answered by an Attorney General Opinion at this time. 74 O.S. 2001, §18b(A)(5).
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Where a county approves an exemption from ad valorem tax for household goods of the heads of families and livestock employed in the support of families, a millage rate adjustment pursuant to Article X, Section 8A of the Oklahoma Constitution is calculated for approved general and building fund millage prescribed by Sections 9, 9A, 9B, 9C, 9D, 10, 10A, 10B, and 35 of Article X and Section 36 of Article V of the Oklahoma Constitution. Okla. Const. art. X, § 8A(c). General and building fund millage authorized under these Sections which are approved after a county exempts household goods of the heads of families and livestock employed in the support of families from ad valorem taxes, are not entitled to a millage rate adjustment.
 2. Whether the millage rate adjustment pursuant to Article X, Section 8A of the Oklahoma Constitution is authorized to new millage created by a constitutional amendment after a county exempts household goods of the heads of families and livestock employed in the support of families from ad valorem taxes, depends upon the language of the constitutional amendment and cannot be answered by an Attorney General Opinion at this time. 74 O.S. 2001, § 18b(A)(5).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DAVID L. KINNEY Assistant Attorney General
[1] According to the 2002 Progress Report to the Legislatureand the State Board of Equalization on County Visual InspectionPrograms, prepared by the Oklahoma Tax Commission, the following counties have approved the household goods exemption:
County Effective Tax Year
Beckham 1997
Blaine 2001
Canadian 1999
Carter 1999
Cleveland 1995
Commanche 1997
Craig 1999
Creek 1995
Delaware 1997
Garfield 1996
Garvin 1999
Grady 1999
Hughes 1997
Jackson 2003
Kay 1996
Kingfisher 1997
Kiowa 2001
Latimer 1997
Logan 1997
McClain 2001
Marshall 2003
Mayes 1997
Murray 1997
Okfuskee 2001
Oklahoma 1996
Pittsburg 1997
Pontotoc 1998
Pottawatomie 1999
Pushmataha 1999
Roger Mills 1997
Rogers 1999
Seminole 1999
Tillman 1997
Tulsa 1994
Wagoner 1999
Washita 2001
Woods 2001
Woodward 1997
[2] See A.G. Opin. 96-104.
[3] See A.G. Opin. 95-7, 11.
[4] See A.G. Opin. 95-22.
[5] Property taxes in Oklahoma are calculated using the following formula:
 Fair cash value × assessment ratio = assessed valuation — exemptions = taxable value × millage rate = taxes due